UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELLE PAPALINI, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-6392 |
| v. | : | MEMORANDUM OPINION & ORDER |
| SENSIENT COLORS, INC. and SENSIENT TECHNOLOGIES CORP., | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion will be granted.

## Background

Plaintiff Michelle Papalini filed the Complaint in this matter against her former employer, alleging that she was subjected to a hostile work environment and retaliation, tolerant to sexual harassment in violation of the New Jersey Law Against Discrimination ("NJLAD"), and that she was retaliated against in violation of the New Jersey Conscientious Employee Protection Act ("CEPA") due to alleged whistleblowing regarding what Plaintiff viewed as Defendants' defrauding of customers.

Plaintiff resides in Pennsylvania. (Compl., ¶ 1.) On March 22, 2010, she entered into an Employment Agreement with Sensient Colors, Inc. ("Sensient"), a Delaware corporation with its principal place of business in Missouri. (Compl., Ex. A.)[1] Sensient manufactures and sells natural and synthetic colors for food, pharmaceutical, cosmetic, paper, and industrial products and inkjet inks. (Compl., ¶ 14.)

---

[1] Sensient Technologies Corporation has been alleged to be a citizen of Wisconsin, and the parent company of Sensient Colors. (Compl., ¶ 3-4.) The parties disagree as to whether Plaintiff was employed by both entities, but such dispute is not material to the Court's consideration of this motion.

The Employment Agreement contains a Pennsylvania choice of law provision, which states, "This Agreement shall be construed in accordance with and governed by the laws of the State of Pennsylvania." (Compl., Ex. A, § 9.) The Employment Agreement also contains a covenant not to compete which provides that for one year after her termination, Plaintiff would not directly or indirectly engage in employment on behalf of any competitor of Sensient located within 1,000 miles of Philadelphia, Pennsylvania. (Compl., Ex. A, § 4.) Further, the Employment Agreement provides for remedies, in the event of a breach, in accordance with the Pennsylvania Uniform Trade Secrets Act. (Compl., Ex. A, § 7.)

Plaintiff began her employment with Sensient as an Account Manager, responsible for selling Sensient's products, acquiring new clients, and building relationships with existing clients. (Compl., ¶ 18.) Plaintiff alleges that she developed relationships with clients based in New Jersey, North Carolina, South Carolina, Texas, Florida, Ohio, Pennsylvania, Maryland, Georgia, and New York. (Compl., ¶ 22.) She estimates that she spent over 30% of her working hours in New Jersey, (Compl., ¶ 25), because "[a]s a result of New Jersey's proximity to [Plaintiff's] home in Philadelphia and New Jersey's status as a hub of the pharmaceutical industry, New Jersey became the natural focus of [Plaintiff's] efforts to sell Defendant's products." (Compl., ¶ 24.)

Plaintiff alleges that in 2010, she experienced sexual harassment by her supervisor, Chuck Koczwara. (Compl., ¶ 32.) Plaintiff reported Koczwara's conduct to General Manager Steve Strickland and Director of Human Resources Mike Albers, who worked in Missouri. (Compl., ¶ 34.) As a result, Koczwara was demoted, and no longer supervised Plaintiff. (Compl., ¶ 36, 37.) Plaintiff contends, however, that she continued

to experience a hostile work environment as a result of Koczwara's improper conduct, which Defendants failed to obviate. (Compl., ¶ 38-42.)

Plaintiff also alleges that in June of 2011, she became aware of claims by at least one customer that Defendants were engaging in false advertising by falsely identifying the manufacturing site of various biological products in Canada to make those products more marketable in light of federal regulations. (Compl., ¶ 27-28.) Because Plaintiff believed Defendants were defrauding customers regarding the Canadian manufacturing site of certain products, she contends she reported her findings in writing to her supervisors and raised her concerns at a July meeting attended by Strickland and members of Sensient's research and development department. (Compl., ¶ 29-31.)

In December of 2010, Strickland advised Plaintiff that she was being given a new territory, the Midwest region. (Compl., Ex. D, August 22, 2011 Internal Memo.) Plaintiff characterizes her reassignment as "abrupt," and contends that it was done in retaliation for complaining about the above two situations. (Compl., ¶ 43.)

On August 11, 2011, Strickland sent an Internal Memo to Plaintiff, copying Albers, with the subject line "Performance Counseling." (Compl., Ex. B, August 11, 2011 Internal Memo.) The memo raised several concerns about Plaintiff's performance and work ethic. (Compl., ¶ 47.) In response, Plaintiff's attorney sent a letter to Strickland disputing his criticisms of Plaintiff and charging that those criticisms were pretextual, and the true motives for the criticisms and Plaintiff's transfer were her two complaints outlined above. (Compl., ¶ 53-54.)

On August 22, 2011, Strickland sent another internal memo to Plaintiff, addressing the concerns raised by Plaintiff's lawyer and denying that Plaintiff ever

3

expressed concerns regarding "defrauding" customers or complained about Koczwara after his demotion. (Compl., ¶ 55-57.) He further stated that at the time she was notified of the transfer, Plaintiff "embraced" her new territory, said it was "better suited" for her skills, and offered to relocate to Chicago. (Compl., ¶ 58.) Plaintiff's counsel denied Strickland's assertions by letter dated August 31, 2011. (Compl., ¶ 58.)

Plaintiff's employment was terminated on October 5, 2011. (Compl., ¶ 60-61.) She filed this lawsuit on October 31, 2011.

## Standard on a Motion to Dismiss

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[2] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[2] "Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

"A claim has facial plausibility[3] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. - - - , 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 129 S. Ct. at 1949

---

[3]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

<u>Analysis</u>

The NJLAD and CEPA apply only to New Jersey employees or, in limited circumstances, to an employer's alleged wrongdoing directed at or committed in the State. "New Jersey courts have consistently applied the law of the *state of employment* to claims of workplace discrimination, and therefore only apply the NJLAD if the claimant was employed in New Jersey." Peikin v. Kimmel & Silverman, P.C., 576 F. Supp. 2d 654, 657 (D.N.J. 2008) (quoting Weinberg v. Interep Corp., No. 05-5458, 2006 WL 1096908, at *6 (D.N.J. Apr. 26, 2006)). Santi v. National Business Records Management, LLC, 722 F. Supp. 2d 602, 608 (D.N.J. 2010) (citing Buccilli v. Timby, Brown & Timby, 660 A.2d 1261, 1264 (N.J. Super. Ct. App. Div. 1995)). "This restriction on the extraterritorial application of the NJLAD is rooted in the well-settled understanding that 'New Jersey law regulates conduct in New Jersey, not outside the state.'" Peikin, 576 F. Supp. 2d at 657 (quoting Buccilli, 660 A.2d at 1263 (citing D'Agostino v. Johnson & Johnson, Inc., 628 A.2d 305 (N.J. 1993))).

Similarly, CEPA is generally only available to New Jersey employees, as "New Jersey law regulates conduct in New Jersey." D'Agostino, 628 A.2d 305, 539, 533-34 (the Act "will apply extraterritorially only when the underlying clear mandate of public policy is intended to have an extraterritorial effect"). CEPA's remedies may be available to an out-of-state employee in limited circumstances, such as where the defendants caused wrongdoing in New Jersey or made or influenced the decision to terminate the plaintiff in New Jersey. Norris v. Harte-Hanks, Inc., 122 Fed. Appx. 566, 569 (3d Cir. 2004). Otherwise, CEPA claims "relating to out-of-state employment are governed by the law of the state in which . . . [the plaintiff was] employed." Id. (quoting Brunner v. AlliedSignal, Inc., 198 F.R.D. 612, 614 (D.N.J. 2001).

Plaintiff is a Pennsylvania resident,[4] and her Employment Agreement expressly referenced Pennsylvania law. The only connection Plaintiff has alleged with respect to New Jersey is that from March to December of 2010 she was the Account Manager for the Northeast territory, which included New Jersey, where she maintained more client accounts than in any other state. This is not sufficient to render her a New Jersey employee. See Peikin, 576 F. Supp. 2d at 656-58 (dismissing NJLAD claims where plaintiff was a Pennsylvania resident based in a Pennsylvania office but "worked four out of five days each week in New Jersey, with approximately 90% of her work centering around New Jersey-based clients and cases" because none of the allegedly discriminatory conduct took place in New Jersey, even though plaintiff claimed that "she experienced the effects of defendants' conduct in New Jersey").[5]

---

[4] Plaintiff has argued in briefing that she had no office or base of operations in any state. (Pl. Br., p. 13, 15.)

[5] Plaintiff cites no authority to the contrary.

7

Therefore, the NJLAD does not apply to Plaintiff's claims that she was subjected to a hostile work environment and retaliation, and CEPA does not cover her claim of retaliation due to alleged whistleblowing.

Conclusion

For these reasons,

IT IS ORDERED on this <u>18th</u> day of April, 2012 that Defendants' motion to dismiss the Complaint is hereby <u>GRANTED</u>.

/s/ Joseph H. Rodriguez<br>
JOSEPH H. RODRIGUEZ<br>
U.S.D.J.